# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MAY ANNIE MOUA,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-296-FHM

## OPINION AND ORDER

Plaintiff, May Annie Moua, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 4, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kalllsnick was held April 14, 2010. By decision dated May 27, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 23, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 50 on the date of the denial decision. She formerly worked as furniture assembler, trimmer, and office clerk. She claims to have been unable to work since March 1, 2004, as a result of neuropathic pain in her left arm, inability to stand and walk, and mental impairments.

## The ALJ's Decision

The ALJ determined that through the date last insured, December 31, 2008, Plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work, as follows:

> She can lift and/or carry 20 pounds occasionally or 10 pounds frequently. In an 8-hour workday, she can stand and/or walk for 6 hours and sit for 6 hours, all with normal breaks. The claimant has the use of her hands and feet for the operation of controls. She can frequently perform most postural activities except there can be no climbing of ladders, ropes, and scaffolds. The claimant has the normal use of her right arm and hand but she should perform overhead reaching only occasionally.

[R. 16]. Although Plaintiff cannot perform her past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. [R. 19]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: failed to properly evaluate and weigh the medical source evidence; failed to include all of her impairments in the hypothetical question to the vocational expert and in the RFC; and failed to perform a proper credibility analysis.

## Analysis

### Evaluation of Medical Source Statements

The ALJ accurately outlined the medical evidence and expressed the weight he gave to the various assessments in the record, as follows:

> Great weight is given the Disability Determination Services's physical and mental assessments of the claimant (Exhibits 7F, 8F, 11F, and 12F). They are well-supported by other evidence and are not contradicted. Significant weight is also given to the opinion of G. Bryant Boyd, M.D. who opined the claimant could use both hands for gross and fine manipulation (Exhibit 5F, p. 3). Dr. Boyd's opinion is based on personal testing and examination of the claimant. His conclusion is not contradicted by any other medical source. Significant weight is given to the opinion of treating physician Garrett Watts, M.D. who released the claimant to return to work without restrictions (Exhibit 3F, p. 4).

[R. 18].

3

Plaintiff asserts that the ALJ failed to include in the RFC all of the restrictions that appeared in the assessment made by the Disability Determination Service (DDS). According to Plaintiff, the DDS report contained the opinion that Plaintiff was limited in "reaching all directions (including overhead)" and limited in feeling (skin receptors)" [R. 271, 332].

The DDS reviewers checked a box on the RFC form that "reaching all directions (including overhead)" and feeling (skin receptors)" were "limited." [R. 271, 332]. The form also requested a description of how the activities checked "limited" are impaired. *Id*. In the description, the DDS reviewers gave the following explanation:

> Some reaching and fingering may be limited on the Left; see A-6. The left arm and hand can be used to assist in lifting and carrying items. This does not significantly affect the lifting and carrying of 10-20 lbs. Has normal use of right hand and arm.

[R. 271, 332]. The reference to A-6 pertains to a summary of the objective medical findings in the file. [R. 266, 330]. Those medical findings include range of motion; grip strength; the observation that Plaintiff was under no work restrictions; the finding that she had decreased sensation in a glove like distribution; and the consultative examiner's finding that she can use both hands for gross and fine manipulation. *Id*.

It is noteworthy that the DDS reviewers did not make an affirmative finding that Plaintiff was definitely limited in her ability to reach in all directions and in her ability to perform fingering, they said "some reaching and fingering may be limited." [R. 271, 332]. The court interprets the use of the term "may" in conjunction with the rest of the DDS narrative comments to indicate that the DDS reviewers were expressing that those limitations were possible.

4

The ALJ stated he gave significant weight to the opinion of the consultative examiner, G. Bryant Boyd, M.D. The ALJ also specifically mentioned that Dr. Boyd opined that Plaintiff could use both hands for gross and fine manipulation. [R. 18, 243]. The court finds that, although the ALJ did not discuss the particular findings on the RFC form completed by the DDS reviewers, the ALJ made it clear that he credited Dr. Boyd's opinion that Plaintiff could use both hands. The ALJ also made it clear that the reason for crediting Dr. Boyd's opinion was because Dr. Boyd personally tested and examined Plaintiff, and his opinion was not contradicted by any other medical source. [R. 18].

Plaintiff also argues that the ALJ should have mentioned Dr. Boyd's finding that Plaintiff had "glove-like decreased sensation." [R. 243]. The ALJ is not required to mention every finding. The ALJ is required to discuss the evidence and explain why he found Plaintiff not disabled. 42 U.S.C. § 405(b)(1); *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The court finds no error in the ALJ's failure to mention the decreased sensation when the record contains no indication that finding expresses a work-related limitation. In fact, the doctor who recorded that finding also stated that Plaintiff can use both hands for gross and fine manipulation and that there was "[n]o abnormality of the left hand." [R. 243].

Plaintiff also argues that the ALJ failed to mention an opinion expressed by Dr. Bhakta on February 26, 2004, that Plaintiff was incapable of using her left arm "for any activities because of pain indefinitely." [R. 170]. That statement, purportedly a quotation by Dr. Bhakta, appears in a "Notice of Termination" from Plaintiff's employer. The court finds no error in the ALJ's failure to mention that document.

5

The ALJ mentioned Dr. Bhakta's note that Plaintiff alleged pain in her left arm since her August 2001 injury, Dr. Bhakta's diagnoses, and that on September 27, 2007, Plaintiff quantified her pain as 3/10. [R. 17]. The ALJ also noted that an excision of a left forearm neuroma transpired on November 6, 2007, that Plaintiff reported no problems three weeks after the procedure, and that her arm was much better ten weeks post-operatively. *Id*. According to Plaintiff, Dr. Bhakta documented Plaintiff's pain through December 3, 2009. Plaintiff's citations to the record encompass the records the ALJ referred to in his decision and some additional ones. However, Plaintiff has not pointed to anything within those records not accounted for in the ALJ's decision. Dr. Bhakta's notes document the existence of continued pain and the absence of medication side effects, which the ALJ's RFC acknowledged.

Plaintiff also asserts that the ALJ failed to weigh the opinions and findings of her chiropractor, Michael Peterson, D.C., who noted reduced range of motion, reduced sensation, and motor weakness in the left upper extremity on February 19, 2009. [R. 228]. Dr. Peterson's notes record a reduced range of motion in Plaintiff's left wrist and findings of some weakness and tingling in her left hand. *Id*. Those findings appear to have been made once, on Plaintiff's initial evaluation by the chiropractor, and are not accompanied by any opinion about Plaintiff's capabilities. The court finds no error in the ALJ's failure to mention the chiropractor's records.

## Hypothetical Questioning of the Vocational Expert

Plaintiff argues that the ALJ failed to include any limitation on Plaintiff's use of her left hand and arm, even though he found "neuropathic left upper extremity pain" to be a severe impairment. There is no merit to this contention. The ALJ limited the RFC to the

lifting requirements of light work and no climbing of ladders, ropes, and scaffolds which is a limitation in the use of Plaintiff's left hand and arm [R. 16, 331]. In the DDS assessment to which the ALJ gave great weight, the reviewer explained:

> The left arm and hand can be used frequently to assist in lifting and carrying items. This does not significantly affect the lifting and carrying of 10-20 lbs.

[R. 332].

The court finds no error in the ALJ's failure to include limitations in the hypothetical question for Plaintiff's alleged mental impairments, hypertension, and headaches. Plaintiff has not pointed to work-related limitations attributable to these complaints. The court notes, that the mental consultative examiner found, "[t]his claimant did not present with signs and symptoms consistent with a mental health disorder." [R. 252].

## Credibility Determination

Plaintiff's argument that the ALJ failed to perform a proper credibility analysis is without merit. The ALJ detailed the absence of support in the medical record for the degree of impairment Plaintiff alleged including her release to work with no restrictions, the finding she could use both hands for fine and gross manipulation, the absence of any diagnosis or treatment for the alleged back pain, and normal range of motion findings. [R. 17-18].

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). As

long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). In this case the ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

## **Conclusion**

The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 13th day of August, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE